James Gary WHITTINGTON, Plaintiff,

v.

Larry NORRIS, Warden, Tucker Unit, and A.L. Lockhart, Director, Arkansas Department of Correction, Defendants.

No. PB–C–84–161.

United States District Court,
E.D. Arkansas,
Pine Bluff Division.

Nov. 21, 1984.

James Gary Whittington, pro se.

A. Carter Hardage, Asst. Atty. Gen., State of Ark., Little Rock, Ark., for defendants.

## ORDER

HENRY WOODS, District Judge.

This case comes before the court on defendants' motion for summary judgment. Defendants allege that as a matter of law they have not deprived plaintiff of any constitutionally protected right, and that they are therefore entitled to summary judgment pursuant to Fed.R.Civ.P. 56.

Plaintiff's complaint sets forth three counts of violations under 42 U.S.C. § 1983. Plaintiff first claims that his First and Fourteenth Amendment rights have been infringed by the fact that he is not allowed contact visitation while incarcerated in the Tucker Maximum Security Unit of the Arkansas Department of Correction. Next, plaintiff claims that his right to due process of law was violated by his transfer from the Cummins Unit to the Tucker Maximum Security Unit without a hearing. Finally, plaintiff complains of an assortment of conditions of his current incarceration, including a small cell, limited time out for work or recreation, and alleged inadequate review of the reasons for such confinement.

On July 3, 1984, the Supreme Court decided *Block v. Rutherford,* —— U.S. ——, 104 S.Ct. 3227, 82 L.Ed.2d 438, which is dispositive of the issue of whether denial of contact visitation to an inmate in Maximum Security is a constitutional violation. The issue in *Block* was whether denial of contact visitation to pre-trial detainees was reasonably related to security considerations at the Los Angeles County Central Jail. The Court held that "the Constitution does not require that detainees be allowed contact visits when responsible, experienced administrators have determined, in their sound discretion, that such visits will jeopardize the security of the facility." —— U.S. at ——, 104 S.Ct. at 3234. *Block* dealt with the rights of pre-trial detainees, who cannot be punished prior to an adjudication of guilt. The Court found that denial of contact visitation was justified by security considerations, and was not a form of punishment. In the case at bar, Whittington is serving a 22-year sentence and is incarcerated in the Tucker Maximum Security Unit of the Arkansas Department of Correction, which is designed and utilized to house the highest security risk inmates in the Arkansas prison population. The prison administrators have adopted a policy of denying contact visitation to Maximum Security prisoners, for security reasons, and in view of the decision in *Block* this policy does not violate the Constitution. The Court in *Block* reaffirmed its holdings in *Bell v. Wolfish,* 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979) and *Pell v. Procunier,* 417 U.S. 817, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974), that prison administrators must be accorded wide-ranging deference in adopting and executing policies designed to preserve order, security and discipline in the prisons. In the absence of any showing that defendants have exaggerated their response to such considerations, their expert judgment regarding contact visitation must be accepted. *Pell, supra,* 417 U.S. at 827, 94 S.Ct. at 2806. Summary judgment in favor of defendants on plaintiff's claim that the denial of contact visitation is a constitutional violation is therefore appropriate.

In the second count of plaintiff's complaint, he alleges that he was denied due process of law because he was transferred from the Cummins Unit of the Arkansas Department of Correction to the Tucker Maximum Security Unit without a hearing. There is no due process violation in such a transfer without a hearing. It is clear that Whittington did not have a justi-

fiable expectation that he would be incarcerated in any particular prison within the State. *Olim v. Wakinekona,* 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983). In addition, Ark.Stat.Ann. § 46–106 (Repl. 1977) provides that the Commissioner of the Arkansas Department of Correction may transfer an inmate from one correctional facility to another "consistent with the commitment and in accordance with treatment, training and security needs." Although plaintiff alleges, and the State does not deny, that the prison handbook provides for due process in connection with such a transfer, reasons for which a transfer may be authorized are such as only prison administrators have discretion to decide, i.e., judgment calls regarding treatment, training and security. No constitutionally protected interest is created by the prison handbook under these circumstances, and the rationale of *Olim* applies. *Finney v. Mabry,* 528 F.Supp. 567 (E.D.Ark. 1981), on which the plaintiff relies, is not controlling. *Finney* mandates a due process hearing before an inmate is placed in administrative segregation within an institution. Whittington's complaint deals with a unit-to-unit transfer. No hearing is required before such a transfer. Therefore, summary judgment in favor of defendants on this count is also appropriate.

Finally, plaintiff's complaints about the conditions of his incarceration do not state a claim of constitutional dimensions. The complaints are couched in vague terms incapable of measurement against such constitutional standards as that announced in *Newman v. Alabama,* 559 F.2d 283 (5th Cir.1977), *rehearing and rehearing en banc denied, cert. denied,* 438 U.S. 915, 98 S.Ct. 3144, 57 L.Ed.2d 1160. Plaintiff has made no showing of even a colorable claim of cruel and unusual punishment, but rather complains that life in prison is unpleasant. No constitutional violation is implicated in such a complaint. Imprisonment necessitates withdrawal of or limitations upon many individual privileges and rights. A prisoner does not retain constitutional rights that are inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system. Wide ranging deference must be accorded the decision of prison administrators. They, and not the courts, must be permitted to make difficult judgment concerning prison operations, *Jones v. North Carolina Prisoners' Union,* 433 U.S. 119, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977). *See also Price v. Johnston,* 334 U.S. 266, 68 S.Ct. 1049, 92 L.Ed. 1356 (1948).

Based on the above reasons, summary judgment for the defendants is granted on all counts of plaintiff's complaint, and the complaint is dismissed.